# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ANDRA L. GAJDOS,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0476** (BOR Appeal No. 2053640)
(Claim No. 2017029442)

**APPALACHIAN ELECTRONIC INSTRUMENTS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andra L. Gajdos, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Appalachian Electronic Instruments, by Counsel Timothy E. Huffman, filed a timely response.

The issues on appeal are medical benefits and additional compensable conditions. The claims administrator denied requests for MRIs of the lumbar spine and right knee on January 24, 2018. On March 26, 2018, the claims administrator held the claim compensable for right femur fracture. The Office of Judges affirmed the decisions in its November 8, 2018, Order. The Order was affirmed by the Board of Review on April 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Gajdos, a machinist, was injured in the course of her employment on June 9, 2017. The Employees' and Physicians' Report of Injury, completed that day, indicates Ms. Gajdos injured her right hip when she tripped and fell. The physician's section was completed by Constance Anderson, M.D., who diagnosed right hip fracture. Immediately following her injury, Ms. Gajdos was transported to Greenbrier Valley Medical Center Emergency Department. Physical examination showed decreased range of motion in the hip with pain. Evaluation of the lower extremities was normal. There was no evidence of spinal or low back injury. A pelvic CT scan showed degenerative changes and a displaced fracture of the right hip. Ms. Gajdos was

1

transferred to a surgeon. Clifford Robinson, M.D., performed surgery on the right hip for an intertrochanteric fracture on June 10, 2017. Following the surgery, Ms. Gajdos underwent rehabilitation at Meadow Garden nursing home. Treatment notes indicate no mention of right knee or low back injuries.

Treatment notes from Masterworks Physical Therapy indicate Ms. Gajdos reported pain in her right hip and knee on July 6, 2017. She also indicated she suffered from decreased range of motion in the right hip and knee, difficulty walking, and decreased strength in her right lower extremity. On July 10, 2017, it was noted that Ms. Gajdos was using a right knee brace and walker. On August 15, 2017, Ms. Gajdos reported 75% improvement in her symptoms. She was able to walk without pain with a cane. On September 1, 2017, she reported 85% improvement. She was able to walk without a cane but still had pain in her right knee and hip.

A July 7, 2017, right knee x-ray showed no acute injury and mild lateral patellar subluxation without significant tilt. On July 20, 2017, Ms. Gajdos underwent a vascular duplex study of the right lower extremity, which showed a significant lesion involving the femoral artery. A CT scan was recommended.

Syam Stoll, M.D., performed a physician review on August 22, 2017, in which he opined that Ms. Gajdos's request for a Dexa scan and referral to a vascular surgeon should be denied. Dr. Stoll found that she did not sustain a vascular injury as a result of her work-related fall. He also noted that the only compensable condition in the claim was right femur fracture.

Physical therapy notes from Greenbrier Physical Therapy indicate Ms. Gajdos was seen for right lower extremity pain, leg length differences, decreased strength, and decreased endurance. On October 4, 2017, Ms. Gajdos reported right knee and low back pain. On October 18, 2017, she reported a knot in her back as well as numbness and tingling in her right lower extremity. On October 30, 2017, Ms. Gajdos developed right knee pain after standing up from the floor. On November 10, 2017, it was noted that her condition had improved but she still reported back and right knee pain.

A.E. Landis, M.D., performed a record review on October 10, 2017, in which he noted that Ms. Gajdos returned to work with restrictions on September 18, 2017. On examination, Dr. Landis found that right hip range of motion was essentially normal, with pain at the extremes. The lower extremities were of equal length. There was mild atrophy on the right side. X-rays showed a questionable incomplete healing fracture in the right femoral neck as well as significant osteoporosis. Dr. Landis recommended a right hip CT scan to assess the fracture.

An October 10, 2017, treatment note by Dr. Charron indicates Ms. Gajdos reported pain in her right knee and buttock. Dr. Charron found that examination of the knee was normal. Dr. Charron assessed acute right-sided lower back pain without sciatica. He noted that she was not tender over the sacroiliac joint. On October 31, 2017, Dr. Charron noted that Ms. Gajdos had returned to work. She reported pain in her right knee and right sacroiliac joint. Examination of the knee was normal with tenderness over the medial joint line. Dr. Charron opined that the right femur fracture had healed and was asymptomatic. He stated that it was difficult to pinpoint the origin of

Ms. Gajdos's right knee and low back pain. He recommended a right knee MRI to check for a medial meniscus tear. Dr. Charron also recommended a lumbar MRI.

On November 7, 2017, Rebecca Thaxton, M.D., performed a physician review in which she recommended that the requests for right knee and lumbar MRIs be denied. She noted that the low back and right knee were not compensable conditions. The claims administrator denied a right knee MRI on November 14, 2017.

Ms. Gajdos returned to Dr. Charron on November 28, 2017. Dr. Charron noted that a right hip x-ray showed a healing fracture and mild osteoarthritis at the right sacroiliac joint. He opined that Ms. Gajdos's right hip was doing well. On December 19, 2017, Ms. Gajdos reported sharp pain in her midfoot. She also reported right-sided pelvic pain and right knee pain. Ligament examination of the right knee was normal, and Ms. Gajdos was somewhat tender over the sacroiliac joint. Dr. Charron diagnosed acute right knee pain and recommended MRIs of the right knee and lumbar spine. The claims administrator denied a lumbar spine MRI on December 20, 2017. On January 24, 2018, it denied requests for MRIs of the lumbar spine and right knee. The claims administrator held the claim compensable for right femur fracture on March 26, 2018.

Ms. Gajdos testified in a March 26, 2018, deposition that she was injured when her foot caught on a band and she tripped and fell at work. She was diagnosed with right femur fracture and underwent surgery. Ms. Gajdos stated that she suffers from right knee, right lower back, and right shoulder pain. She denied any injuries to her lower back or right knee prior to her compensable injury. Ms. Gajdos testified that she spoke to her right hip surgeon, who informed her that her right knee pain was the result of her right hip injury, as did her physical therapist.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on July 6, 2018, in which he noted that his evaluation of the right knee was normal. Lumbar range of motion was normal, but there was some tenderness over the sacroiliac joint. Dr. Mukkamala opined that Ms. Gajdos suffered a right hip fracture as a result of her compensable injury and that she had seen excellent results from her surgery. Regarding the right knee, Dr. Mukkamala opined that though Ms. Gajdos reported right knee pain, physical examination was normal. Further, there was no indication in the medical record that she injured her right knee. Regarding the lumbar spine, Dr. Mukkamala found that there was no credible evidence of an injury and physical examination was completely normal. He noted tenderness over the right sacroiliac joint but stated that a CT scan taken on the date of the injury showed mild degenerative changes of the sacroiliac joint, which was clearly preexisting. Dr. Mukkamala concluded that Ms. Gajdos's lower back symptoms were not related to the compensable injury. Therefore, he recommended that right knee and lower back MRIs be denied.

The Office of Judges affirmed the claims administrator's decisions holding the claim compensable for right femur fracture and denying requests for right knee and lower back MRIs in its November 8, 2018, Order. The Office of Judges found that the records show that Ms. Gajdos injured her right hip/femur in the course of her employment. However, the medical records do not support injuries to the right knee or lower back. The Office of Judges found that Ms. Gajdos was taken to the emergency room immediately following her injury. A full body examination was

performed at that time, and it was determined that the only injury Ms. Gajdos sustained was a right hip/femur fracture. The records specifically documented no spinal tenderness and full lumbar range of motion. The Office of Judges also found that the reports of Drs. Charron and Mukkamala contain no objective findings to support injuries to the lumbar spine or right knee. Dr. Charron's records show normal examinations of the right knee and lower back, other than subjective reports of tenderness. Dr. Mukkamala's examination also revealed no objective lower back or right knee findings. The Office of Judges concluded that the only evidence of right knee and/or lower back injury are Ms. Gajdos's subjective complaints of tenderness. Based on the above evidence, the Office of Judges concluded that the only compensable condition in the claim is a right femur fracture. Because the right knee and lower back are not compensable components of the claim, the Office of Judges also concluded that the requested medical treatment was properly denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The objective medical evidence indicates Ms. Gajdos sustained a right femur fracture as a result of her compensable injury. There is no reliable evidence of a right knee or lower back injury. Because those conditions are not compensable components of the claim, the requested MRIs were properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison